IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| Guy P. Harvey, II, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action No.:_____ |
| | * | |
| Riverwalk, L.L.C., Riverwalk II, L.L.C., | * | |
| Bama Bayou, L.L.C., Gulf World, L.L.C., | * | |
| The Mitchell Company, Inc. and | * | |
| Joe Raley Builders, Inc. | * | |
| | * | |
| Defendants. | * | |

**COMPLAINT**
**STATEMENT OF THE PARTIES**

1. Plaintiff, Guy P. Harvey, II is a resident of Fort Collins, CO.

2. Defendants, Riverwalk, L.L.C., Riverwalk, II, L.L.C., Bama Bayou, L.L.C. and Gulf World, L.L.C., upon information and belief, are Alabama limited liability companies having their principal place of business in Baldwin County, Alabama; Defendant, The Mitchell Company, Inc., upon information and belief, is an Alabama limited liability company having its principal place of business in Mobile County, Alabama; Joe Raley Brothers, Inc. is believed to be an Alabama Corporation with its principal place of business in Baldwin County, Alabama.

**STATEMENT OF JURISDICTION**

3. This Court has jurisdiction under federal question jurisdiction pursuant to the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §1709 and jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. 1332. The amount in controversy exceeds $75,000.00. This Court has pendent jurisdiction over the related state law claims. Venue is in the United States District Court Southern District of Alabama pursuant to 28 U.S.C. 1391 because Defendants' principal place of business is in this district and Defendants transacted business in this district.

**STATEMENT OF FACTUAL ALLEGATIONS**

4. Upon information and belief, Defendants are developers of a condominium complex in Baldwin County, Alabama originally known as Riverwalk Condominiums and consisting of 216 units including 208 residential units.

5. On or about July 21, 2005, Plaintiff signed a "Preconstruction Purchase Agreement for Riverwalk Condominiums" for the purchase of Unit 3415 of Riverwalk Condominiums; Defendant, Riverwalk, L.L.C. executed the agreement on October 27, 2005; Defendant Riverwalk, L.L.C. used means and instruments of transportation or communication in interstate commerce and the U.S. mail in the solicitation of Plaintiff's execution of this "Preconstruction Purchase Agreement for Riverwalk Condominiums".  The development contains more than 100 units; is offered pursuant to a common promotional plan and is subject to the Interstate Land Sale Full Disclosure Act.

6. Pursuant to paragraph (2) of the "Preconstruction Purchase Agreement for Riverwalk Condominiums", Plaintiff paid to Defendant, Riverwalk, L.L.C. the sum of $250,000.00.  See Exhibit "A" attached and incorporated by reference; Defendant, Riverwalk II executed a promissory note payable to Plaintiff in the sum of $250,000.00 dated October 28, 2005.  See Exhibit "B" attached and incorporated by reference; Defendant, Riverwalk, L.L.C. executed a Mortgage and Security Agreement in favor of Plaintiff dated October 27, 2005 purporting to secure payment of the sum of $250,000.00; the mortgage purported to convey "an undivided interest as set forth on Exhibit "A" to be completed by Mortgagor (and to equal a percentage interest in the subject property equal to the Mortgagee's Purchase Price expressed as a percentage of all purchase prices paid my (sic) other Mortgagees pursuant to Mortgages such as this) in and to all that real property in the County of Baldwin, State of Alabama, described as follows:

> Commencing at the Southwest corner of Section 36, Township 8 South, Range 4 East; thence along the West line of said Section 36, run North 01 degrees 50 minutes 20 seconds East, 517.74 feet; thence leaving said West line run South 88 degrees 09 minutes 40 seconds East, 571.90 feet to the Point of Beginning of the

>lands described herein; thence run North 43 degrees 08 minutes 04 seconds East, 385.00 feet; thence run South 46 degrees 51 minutes 56 seconds East, 354.22 feet; thence run South 43 degrees 08 minutes 04 seconds West 385.00 feet; thence run North 46 degrees 51 minutes 56 seconds West, 354.22 feet to the Point of Beginning.

Provided, however, that upon commencement of construction of a Condominium on, or the recordation of any mortgage conveying a $1/216^{th}$ undivided interest in the above described property, the undivided interest in the above described property conveyed by this instrument shall be reduced to 1/216 (i.e., 1 out of the total number of condominium units)." However, there was no legal description attached to the purported Mortgage and Security Agreement. See Exhibit "C" attached and incorporated by reference. The description set forth above is believed to be the description intended.

7. The "Preconstruction Purchase Agreement for Riverwalk Condominiums" does not obligate Defendant, Riverwalk, L.L.C. to complete the construction of the development on Unit 3415 within two (2) years of the date that the preconstruction purchase agreement was signed by Plaintiff. See paragraph 5 and 7 of the "Preconstruction Purchase Agreement for Riverwalk Condominium" attached as Exhibit "A".

8. Upon belief, neither Riverwalk, L.L.C., the "Preconstruction Purchase Agreement for Riverwalk Condominiums" nor the development meet any of the exceptions to the reporting requirements pursuant to the Interstate Land Sales Full Disclosure Act, 15 U.S.C., §1701, et seq.

9. Riverwalk, L.L.C. failed to provide Plaintiff with a property report as required by 15 U.S.C., §1703 (a)(1) (B) and (C), and 15 U.S.C. §1707 and is believed to have failed to file a statement of record for Riverwalk with the Department of Housing and Urban Development.

10. At some point following execution of the preconstruction purchase agreement and prior to October 26, 2006, the development involved became known as Bama Bayou. On October 26, 2006, the Bama Bayou Development Team, and specifically, Joe Raley Builders and

The Mitchell Company caused a letter to be drafted and disseminated to Riverwalk/Bama Bayou purchasers including Plaintiff touting the development:

> Fall is in the air, temperatures are dropping and the sound of crews and jack hammers are ringing loudly at Bama Bayou! It's another beautiful day on the Alabama Gulf Coast. There's a lot taking place at Bama Bayou these days, and we wanted to share with you some of the exciting happenings.
>
> First, we are excited to welcome former University of Alabama Head Football Coach Gene Stallings to the Bama Bayou family. Coach Stallings has purchased two units at Bama Bayou, and he's currently in the process of picking out a third unit! Coach Stallings is appearing in radio; TV and print ads statewide endorsing the development. He's visited the development several times in recent weeks and says he's looking forward to seeing his grandchildren swim with a dolphin at Gulf World Marina Park!

Plaintiff alleges that this letter was designed to induce Plaintiff and others similarly situated to be patient with the development and to take no legal action to enforce their rights. See exhibit "D" attached and incorporated for the full text of the October 26, 2006 letter.

Defendants caused to be drafted and disseminated to purchasers including Plaintiff a letter dated October 23, 2007. This letter was intended to induce confidence in Plaintiff with respect to the alternate version of the project although no construction on Plaintiff's condominium unit had begun and to induce Plaintiff to take no action to enforce his legal rights. See Exhibit "E" for the full text of the October 23, 2007 letter. Plaintiff alleges that these actions of the Defendants are continuing violations of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701 et. seq. See *Husted v. Amrep Corporation*, 429 F.Supp. 298, 305-309 (S.D. N.Y. 1979). See letter dated October 23, 2007 and letter dated October 30, 2007 attached as Exhibits "E" and "F" and incorporated herein. Plaintiff corresponded with Defendant Bama Bayou, by e-mail on December 4, 2007 and received responses on December 19, 2007 and January 11, 2008. Again, the responses asked for continued patience and gave additional assurances of payment. See Exhibits "H, I and J" attached and incorporated. Plaintiff received a letter from Bama Bayou dated February 14, 2008 again giving assurance and asking for patience. See Exhibit "K".

11. On January 14, 2008, Plaintiff through counsel wrote to Bama Bayou, L.L.C. rescinding the preconstruction agreement and demanding payment of the $250,000.00 paid to Riverwalk, L.L.C. by Plaintiff as alleged in paragraph (6) hereof plus interest.

12. The preconstruction purchase agreement at paragraph (5) provides in part:

> …The absolute discretion of the Seller to elect whether to proceed with the development of the condominium or alter the total number of levels (stories) and units shall exist and be enforecable by Seller at any time prior to closing. If the Unit herein purchased shall not be completed within two (2) years of the effective date of this Agreement, this Agreement shall be null and void <u>and all monies paid hereunder, without interest thereon, shall be refunded to Purchaser.</u> (Emphasis Added). For purposes of this section, the effective date of this Agreement is the latest date of its final execution by all parties.

13. Plaintiff alleges that this final date of execution of the Agreement was October 27, 2005 and Plaintiff further alleges, on information and belief, that construction on the Unit has not been completed (some infrastructure has been completed) and construction plans have been abandoned.

14. The Preconstruction Purchase Agreement is now null and void pursuant to paragraph 5 thereof. Plaintiff's condominium unit not having been completed within two (2) years of the effective date of the agreement, Plaintiff is entitled to a refund of his payment. See Exhibit G which is incorporated herein by reference.

### COUNT I

### CLAIM FOR REVOCATION OF PURCHASE AGREEMENT, RETURN OF CONSIDERATION, DAMAGES, ATTORNEY FEES AND COSTS UNDER ILSFDA (15 U.S.C. § 1709)

15. Plaintiff adopts and realleges paragraph 1-14 of the Complaint as if set forth in full.

16. This action is brought pursuant to 15 U.S.C. § 1709.

17. Defendants have violated 15 U.S.C. § 1709 et. seq. in failing to provide Plaintiff a printed property report prior to Plaintiff signing the preconstruction purchase agreement; on

belief, by failing to register the development with the Department of Housing and Urban Development and by continuing to violate the anti-fraud provisions of U.S.C. § 1703 (a)(2)(A) and (C) following signing of the purchase agreement.

18. Plaintiff is entitled to a return of the full consideration paid which sum may be held in escrow pursuant to paragraph 41 of the preconstruction agreement.

19. Plaintiff is entitled to recover attorneys fees and costs pursuant to 15 U.S.C. § 1709(C).

WHEREFORE, Plaintiff demands judgment against the Defendants for revocation of the purchase agreement, return of the consideration paid, damages, attorney's fees and costs and such other and different relief as is just and proper.

## COUNT II
## (BREACH OF CONTRACT)

20. Plaintiff adopts and realleges paragraphs 1-19 above as if set forth in full.

21. Defendants have breached its contract with Plaintiff by failing to return to Plaintiff the $250,000.00 paid pursuant to the agreement.

WHEREFORE, Plaintiff demands judgment against Defendants for the sum of $250,000.00, interest, attorney's fees and costs.

## COUNT III
## PROMISSORY NOTE

22. Plaintiff adopts and realleges paragraphs 1-21 above as if set forth in full.

23. Defendant, Riverwalk II, L.L.C. executed and delivered to Plaintiff its promissory note for $250,000.00 attached as Exhibit "B" and agreed to pay reasonable attorney's fees.

24. Defendant, Riverwalk II, L.L.C. owes to Plaintiff $250,000.00 plus interest, attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment against Riverwalk II, L.L.C. for the sum of $250,000.00, interest, attorney's fees and costs.

                                                    <u>*s/Charles H. Morris, III*</u>
                                                    CHARLES H. MORRIS, III
                                                    Attorney for Plaintiff

**CHARLES H. MORRIS, III**
Attorney at Law
P.O. Box 770
Gulf Shores, AL  36547
(251) 971-2981
E-mail:  cmorris1@gulftel.com
Bar No. ASB-0932-075-C
MOR 045

7